## CHARLES W. LITTLE, RESPONDENT, v. A. BLEECKER BANKS, APPELLANT.

*Publication of the New York Reports — failure of the contractor to furnish volumes to another bookseller — place at which the demand should be made — evidence.*

In an action by Charles W. Little, a law-book seller, against A. Bleecker Banks, for the recovery of a number of items of liquidated damages of $100 each, under a contract entered into under the statute, in 1877, between the State of New York and Banks for the publication of the New York Reports, whereby Banks agreed that after the publication of any volume he would sell and deliver the same for the price of forty-eight cents a volume to any and all persons desiring to purchase, "at one or more of the regular law-book stores in the city of Albany," and also that he would "sell and supply at the designated book stores in Albany, at the contract-price to any and all other law-book sellers, such number of copies of each volume as they shall apply for;" which contract provided that for any failure on the part of Banks to keep on sale and furnish volumes published by him, at the price fixed, he should forfeit and pay for any and every such failure the sum of $100 as liquidated damages to any person aggrieved thereby:

*Held,* that the questions as to whether a store in Albany at which the plaintiff applied for certain volumes which had been published under the contract was a store designated by Banks for the sale and supply of the books, and whether it was the store at which he kept the volumes on sale under the contract, were questions of fact material to the plaintiff's case, and that the evidence in relation thereto having been conflicting, such questions should have been submitted to the jury.

*Semble,* that for a failure to designate a store for the sale of the volumes, Banks would not be liable for the penalty.

APPEAL by the defendant, A. Bleecker Banks, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 26th day of July, 1892, upon a verdict in favor of the plaintiff, Charles W. Little, for $1,000, rendered by direction of the court at the Albany Circuit; and from an order, entered in said clerk's office on the 26th day of July, 1892, denying a motion for a new trial upon the minutes of the trial judge.

*Albert Hessberg*, for the appellant.

*E. Countryman*, for the respondent.

MAYHAM, P. J.:

This action is prosecuted to recover ten items of $100 each, termed in the contract under which they are sought to be recovered "liquidated damages" for an alleged breach of the same.

The contract upon which the plaintiff seeks to recover was entered into by and between the State Reporter, Secretary of State and Comptroller, acting for the State, and the defendant as the other party to the contract in his own right, and purported to be under and in pursuance of chapter 448 of the Laws of 1876, as amended by chapters 416 and 422 of Laws of 1877, and provided, among other things, that the party of the second part "shall have the publication of said (New York) reports for the term of three years from and after December 14, 1877."

The contract further, among other things, provided as follows: "The said party of the second part further agrees that he will, after publication of any volume of said reports, in pursuance of this contract, keep the same on hand for open and public sale, and will sell and deliver the same to any and all person or persons desiring to purchase at and for the price of forty-eight cents per copy for each and every volume, at one or more of the regular law-book stores in the city of Albany,   *   *   *   and also that he will sell and supply at the designated book stores in Albany at the contract-price, to any and all other law-book sellers, such number of copies of each volume as they shall apply for, said party of the second part, however, not being required to deliver more than two hundred copies of any one volume to any one applicant or firm at one time or within ten days after the delivering of that number of copies."

The contract also provided for a forfeiture to the State by the defendant for any breach of its condition, and stipulated the amount as liquidated damages which the State might recover in an action to be prosecuted by the attorney-general.

It also contained this further provision under which the plaintiff seeks to recover in this action:

"And it is further agreed that for any failure on the part of the party of the second part to keep on sale, furnish and deliver the aforesaid volumes or any of them, at the price and as hereinabove provided, the said party of the second part shall forfeit and pay for any and every such failure the sum of one hundred dollars hereby fixed and agreed upon, not as a penalty, but as the liquidated damages suffered by the person or persons aggrieved thereby, the same to be sued for and recovered by the person or persons so aggrieved."

The contract also provided that the copyright of such volumes should vest in the State.

The plaintiff was, at the times of making the several demands hereinafter stated, a law-book seller in the city of Albany, and on the 31st day of July, 1890, by his agent, demanded at the law-book store of Banks & Bros., 475 Broadway, Albany, of the clerks and employees of that firm, books under this contract and tendered and offered to pay the price fixed in the contract, and from day to day thereafter for ten days repeated such visit and repeated such demand, but no books were delivered to him or his agent on such demand, and for such neglect and refusal to deliver the books demanded the plaintiff claims the right of action accrued to him under this contract.

The first objection urged by the learned counsel for the plaintiff's right to recovery is that there is no evidence that the plaintiff applied for the books specified in the contract at the store, in Albany, designated by the defendant for supplying the same, and that a demand at the store of Banks & Bros. and a failure to deliver there was not such a breach of the contract as to put the defendant in default and subject him to an action for damages under its provisions.

The question presented by this objection for the consideration of this court on appeal is whether there is any evidence in the case tending to prove that the store of Banks & Bros. was the place or one of the places designated by the defendant under the contract

at which the plaintiff might apply for and demand the delivery of these books and if there was such evidence, whether there was sufficient conflicting evidence in the case to make a disputed question of fact, which should have been submitted to the jury.

The evidence shows that all of the demands for books for which this action was brought were made at the store of Banks & Bros., No. 475 Broadway, Albany, except one, on August 12, 1890, which was made at No. 26 Dean street. At that time the plaintiff's agent was informed that the defendant was absent and that he would not return before the twelfth of September, and that he had no agent at Banks & Bros.' store and that he would have to go round to Dean street. The witness was then asked:

"Q. What did you find when you got around to the rear? A. I went around to the rear; the door was locked; we rapped and rang the bell; Fredericks opened the door; Mr. Du Bois asked for Sickles Reports 18 and 19, and gave him the money for them; those were, I believe, 63 and 64 New York; we got these books; he asked George Fredericks for New York Reports 77, 78, 79 and 80, and Fredericks shut the door upon him; before he had a chance to finish asking, he shut the Dean street door; we were outside all the while."

The evidence shows that Fredericks, Andrews and Huber, of whom these demands were made, were in the employ of Banks & Bros. at their store No. 475 Broadway. This witness also testified that he had repeatedly received these books at 26 Dean street, but thinks not more than a dozen times, and that in 1889 he received Nos. 78 and 79 at No. 475 Broadway.

The plaintiff also put in evidence the Albany City Directory, showing defendant's place of business from 1877 to 1880, inclusive, was 475 Broadway, and that his residence for the same time was 327 State street.

We have thus given the substance of the plaintiff's evidence bearing upon the question of the defendant's place of delivery of these books, which the plaintiff insists establishes the No. 475 as the place designated under the contract for the sale and delivery by him of these books.

The plaintiff also insists that the complaint alleges that the store No. 475 Broadway was the proper place for the demand and delivery

of these books, and that that allegation is not sufficiently denied in the answer to put it in use, and, therefore, stands admitted.

But we think the answer clearly takes issue with this allegation, and affirmatively alleges the place of demand and delivery was No. 26 Dean street. The only evidence offered on this point by the defendant was the Albany City Directory, which designated defendant's place of business from 1881 to 1891, both inclusive, at No. 26 Dean street, and his place of residence during the same time at No. 327 State street, Albany.

Upon this evidence the defendant's counsel asked to go to the jury upon the question whether these demands were made by the plaintiff for these books at the place designated by the defendant.

We are inclined to hold that here was a disputed question of fact, which should have been submitted to and passed upon by the jury. No personal demand was made of the plaintiff for these books, and the plaintiff's agent was informed at the time of making the demand that those of whom the demand was made were not the agents of the defendant.

The place of making the demand, therefore, became important. The provisions of the contract, while professing to liquidate the damages for default in the performance, are still in the nature of a penalty, and as the forfeiture can be claimed for every failure to comply with a proper demand, we think the jury should have been permitted to pass upon the question fairly in dispute in this case, whether the demand had been made at the place designated.

It is true, that one demand was made at 26 Dean street, but if that was the proper place a failure to comply would create a cause of action but for one penalty of $100, and would not justify a recovery for $1,000. But it is insisted by the learned counsel for the plaintiff that No. 475 Broadway and 26 Dean street constitute, in fact, but one book store, and it is not quite clear that if the case had been submitted to the jury upon that point, they might have so found, but we do not see how the trial court, or this court on appeal, can settle, as matter of law, that apparently disputed question of fact. It is also urged by the learned counsel for the plaintiff, that there is no provision in the contract requiring a formal designation of the store at which the books will be kept for sale. The language of the contract on that point is as follows: "The said

party of the second part further agrees that he will, *after publication of any volume of said reports, in pursuance of this contract, keep the same on hand for open and public sale,* and will sell and deliver the same to any and all person or persons desiring to purchase at and for the price of *forty-eight cents per copy,* for each and every volume, at one or more of the regular law-book stores in the city of Albany, and also in one or more of the regular law-book stores in the city of New York, and that 'the same will be simultaneously placed on sale in each of said law-book stores, and also, that he will sell and supply at the designated book stores in Albany, at the contract-price, to any and all other law-book sellers, such number of copies of each volume as they shall apply for, said party of the second part, however, not being required to deliver more than two hundred copies of any one volume to any one applicant or firm at one time, or within ten days after the delivery of that number of copies."

It is quite clear that the parties, from the language employed in this provision of the contract contemplated, the designation by the defendant in some form of the store at which he would keep these books on sale, both to the general public and the trade.

It is equally apparent that a failure to so designate would not subject the defendant to the penalty imposed by the terms of the contract for a failure to deliver volumes on demand, and while such designation is a beneficial provision to the State or public which might be compelled in a proper action, until made the party desiring to purchase books would be compelled to demand the book of defendant personally or of his duly authorized agent or at his peril, seek out the book store at which the defendant kept such on sale and demand them there before he could claim the forfeiture under the contract, so that we are brought back to the question of fact, was the book store of Banks & Bros., No. 475 Broadway, or No. 26 Dean street, the store at which the defendant kept these books on sale under the contract? That question is one of fact to be answered by the jury.

If we are right in this conclusion, the refusal of the learned judge to submit it to the jury was error ; and we are, therefore, not called upon to consider the other, and, perhaps, more important questions in this case, presented on this appeal.

The judgment should be reversed and a new trial ordered, costs to abide the event.

Putnam and Herrick, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide the event.